United States District Court
Southern District of Texas
**ENTERED**
December 07, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| MARLON CRAIG TERRY, § | |
| § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. 7:17-CV-037 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner, Marlon Craig Terry, a former state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 2.) This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b).

Petitioner contends that he was denied time credit for eight days of jail time, and he challenges the duration of his confinement under Texas' discretionary mandatory release statute. (*Id.* at 2.) The government responded with a motion to dismiss. (Dkt. No. 6.)

In summary, the undersigned finds that Petitioner's § 2254 motion is moot. Petitioner has been unconditionally released, and there is no longer a case or controversy for which relief can be granted. Moreover, there are no discernable collateral consequences to avoid the mooting of this case, and Petitioner's whereabouts are unknown.

As such, after careful review of the record and relevant law, the undersigned recommends that the government's motion to dismiss (Dkt. No. 6) be **GRANTED**. It is further recommended that Petitioner's § 2254 petition (Dkt. No. 2) be **DENIED**. Finally, it is recommended that Petitioner's § 2254 petition be **DISMISSED** without prejudice as moot, and the case be closed.

## I. BACKGROUND

On September 16, 2013, Petitioner was convicted in the 332d Judicial District Court of Hidalgo County, Texas, of possession of marihuana in violation of Texas Health and Safety Code § 481.121. (Dkt. No. 6-2 at 6.) The court sentenced Petitioner to a ten-year term of community supervision. (*Id.* at 8.) On October 20, 2014, that same court revoked Petitioner's community supervision because he violated many conditions of his supervision. (*Id.* at 2.) As a result, the court sentenced Petitioner to a 30-month term of imprisonment. (*Id.*) The court credited Petitioner with 17 days for time spent in jail. (*Id.* at 4.) Additionally, Petitioner received another eight days of pre-sentence jail credit, for a total of 25-days of pre-sentence jail credit. (Dkt. No. 6-3 at 3.)

On January 9, 2017 Petitioner filed this petition. (Dkt. No. 2 at 10.) On March 26, 2017, Petitioner was released from custody without further obligation. (Dkt. No. 6-3 at 3.)

## II. SUMMARY OF THE PLEADINGS

At the heart of this petition, Petitioner asserts that he did not or might not receive eight days of jail-time credit that he deserves. He claims that his failing to receive the eight days violates the Constitution in many ways, and he challenges the constitutionality of Texas Government Code § 508.149(a), which concerns inmates who are eligible for mandatory supervision and encodes the discretionary nature of such release decisions. (Dkt. No. 2 at 3.) Ultimately, he asserts the argument that his release date should be March 27, 2017, not April 3, 2017. (*See id.* at 6, 20.) The record reflects that Petitioner was released from custody on March 26, 2017.[1]

---

[1] Petitioner also asks for $80,000 in damages if he is in fact incarcerated for an additional 8 days (which he was not). (Dkt. No. 1 at 20.) Either way, Petitioner would need to seek damages under 42 U.S.C. § 1983. *But see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254" and stating that a "claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983").

Respondent, on the other hand, argues that Petitioner's unconditional release renders this petition moot. (Dkt. No. 6.)

### III. APPLICABLE LAW AND ANALYSIS

Because of its jurisdictional nature, the undersigned is raising mootness *sua sponte*. *See, e.g., Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (explaining mootness as a matter of jurisdiction). Whether an action is moot is a jurisdictional matter because it implicates the Article III requirement that there be a live case or controversy. *Bailey*, 821 F.2d at 278.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Con'l Bank Corp.*, 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," and "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis,* 494 U.S. at 477–78). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis,* 494 U.S. at 477). A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Id.*

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer*, 523 U.S. at 7. "[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, § 2 of the

Constitution." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (citations omitted). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended incarceration'—a 'collateral consequence of the conviction.'" *Id.* at 297 (quoting *Spencer*, 523 U.S. at 7).

Collateral consequences are presumed when the petitioner challenges the underlying conviction, even if the consequences are remote or unlikely to occur. *Spencer*, 523 U.S. at 7–8. However, no presumption of collateral consequences exists in other contexts, so a petitioner must affirmatively allege and demonstrate the existence of such consequences. *See id.* at 12. There is no presumption when the petitioner challenges the sentence or the administration of the sentence but does not challenge the underlying conviction as well. *See, e.g., United States v. Juv. Male*, 564 U.S. 932, 936 (2011) (explaining that "when a defendant challenges only an expired sentence, no such presumption applies, and the defendant must bear the burden of identifying some ongoing 'collateral consequenc[e]' that is 'traceable' to the challenged portion of the sentence and 'likely to be redressed by a favorable judicial decision'") (citation omitted).

Petitioner filed this case while he was in custody of the TDCJ. A reasonable reading of Petitioner's section 2254 application reveals that he is not challenging his conviction. Rather, Petitioner is challenging the calculation of his sentence and duration of his confinement (including whether he is entitled to mandatory release). (*See* Dkt. No. 2.) Respondent has provided an affidavit from an employee with the TDCJ records department, in which the employee avers that Petitioner has served his sentence in full and been released unconditionally. (Docket No. 6-3 at 3.) Because Petitioner has been released unconditionally, he no longer meets the case or controversy requirement based on his custodial status.

In addition, there is no affirmative allegation of any collateral consequences by Petitioner, nor do the record and facts of this case support the conclusion that Petitioner could make such a demonstration in order to avoid the mooting of his claims. In other words, there is no indication that Petitioner is subject to any collateral consequences that constitute a "concrete and continuing injury" necessary to avoid his unconditional release mooting this action. *See Spencer,* 523 U.S. at 7–8 (explaining that collateral consequences must exist that create an actionable case or controversy). Lastly, the undersigned notes that Petitioner has not provided the Clerk of the Court with a current address since his release, so there is no way to contact Petitioner about any possible collateral consequences because his whereabouts are unknown.

Because Petitioner does not challenge his conviction, and there are no discernable continuing collateral consequences, his unconditional release renders this action moot. Considering the mootness of this action, the undersigned finds that dismissal without prejudice is the most appropriate disposition of this action.

### III. CONCLUSION

#### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that the government's motion to dismiss (Dkt. No. 6) be **GRANTED**. It is further recommended that Petitioner's § 2254 motion (Dkt. No. 2) be **DENIED**. Finally, it is recommended that Petitioner's § 2254 motion be **DISMISSED** without prejudice as moot, and the case be closed.

#### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability.

Pursuant to 28 U.S.C. § 2253(c)(1)(A), the petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability."

The Rules Governing Section 2254 Proceedings instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, The Rules Governing Section 2254 Proceedings. Because it is recommended that Petitioner's § 2255 motion be dismissed, it must be addressed whether he is entitled to a certificate of appealability (COA).

A petitioner is entitled to a COA when it can be shown that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Because the undersigned finds that Petitioner fails to meet this threshold, it is recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Federal Rules of Civil Procedure, Rule 72(b). Failure to file written objections within fourteen days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

The clerk of this court shall forward a copy of this document to the parties by any receipted means.

SIGNED this 6th day of December, 2018, at McAllen, Texas.

J. SCOTT HACKER
United States Magistrate Judge